EdiZONE, LLC
Casey K. McGarvey (4882)
123 East 200 North
Alpine, Utah 84004
(801) 936-1039
casey@edizone.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EDIZONE, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MIDTOWN INVESTMENTS, LLC dba CUSTOM MEDICAL SOLUTIONS aka CUSTOM MEDICAL SERVICE, a Texas limited liability company, and DOES 1 – 50,<br><br>Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Case No.: 2:16-cv-00130-DN<br><br>Judge David Nuffer |

Plaintiff, EdiZONE, LLC, hereby alleges and claims against Defendants, Midtown Investments, LLC dba Custom Medical Solutions aka Custom Medical Service and Does 1 – 50, as follows:

PARTIES, JURISDICTION & VENUE

1. Plaintiff, EdiZONE, LLC ("EdiZONE"), is a Delaware limited liability company with its principal place of business in Alpine, Utah. EdiZONE is the current owner of the patent referenced below.

2.      On information and belief, EdiZONE believes the following as to each of the Defendants:

   a.      Defendant Midtown Investments, LLC dba Custom Medical Solutions aka Custom Medical Services ("CMS") is a Texas limited liability company with its principal place of business at 7100 Northland Circle, Suite 410, Brooklyn Park, Minnesota. CMS has registered the dba of Custom Medical Solutions with the State of Utah, and does continuous and systematic business from its local business address of 1959 S. 4130 W., Suite D, Salt Lake City, Utah.

   b.      Defendants Does 1 – 50 are entities or individuals who are responsible for the wrongful conduct of CMS alleged herein or otherwise liable to EdiZONE for patent infringement as alleged herein, and leave will be sought hereafter to bring them into this action as deemed necessary or appropriate and/or their identities become known.

3.      CMS sells its products, including accused products, through local retailers established throughout the United States, including in the State of Utah, and for purposes of personal jurisdiction and venue is a resident of Utah.

4.      Accordingly, this Court has personal jurisdiction over CMS, and will have personal jurisdiction over the other Defendants when they are added, and venue is proper in this Court.

5.      Subject matter jurisdiction and venue are founded upon 28 U.S.C. §§ 1331, 1338(a), 1391 and 1400(b).

GENERAL ALLEGATIONS

6.      As depicted here, CMS has marketed what it calls the Matrix Solace ALAL System which includes a matrix gel component (hereafter "Matrix Gel Products").

 

7.      CMS described its Matrix Gel Products in its marketing materials as having "Gel Insert Technology" comprising an "[o]pen cell honeycomb Matrix configuration" that "[i]ncreases contact surface area providing uninterrupted equalization of pressures and increased comfort." A true and correct copy of CMS's marketing brochure and pages from a related website are incorporated herein as Exhibit A.

8.      CMS actively offered to rent or sell its Matrix Gel Products in the United States, including in Utah, through its website and local retail offices where agents of CMS provide a description or sample, the purchase price and the means to actually order the Matrix Gel Products for rent or purchase.

9.      Likewise, CMS actively used as rental property or sold its Matrix Gel Products in the United States, including in Utah, through its website and local retail offices where agents of CMS completed such transactions with CMS's clients or customers.

10. CMS's Matrix Gel Products were either made in or imported into the United States of America where they were used, offered for sale and sold.

11. On February 22, 2000, U.S. Patent No. 6,026,527 (the "'527 Patent") issued; and on April 13, 2010 an Ex Parte Reexamination Certificate issued.

12. Claim 1 of the '527 Patent currently provides as follows:

> 1. A yieldable cushioning element that includes a flexible, resilient, gel cushioning media having shape memory and being substantially solid and non-flowable at temperatures below 130 degrees Fahrenheit, the cushioning element comprising:
> a quantity of gel cushioning medium formed to have a top, a bottom, and an outer periphery, said cushioning medium being compressible so that it will deform under the compressive force of a cushioned object,
> a plurality of hollow columns formed in said cushioning medium, each of said columns having a column wall which defines a column interior, and each of said columns having two ends;
> wherein the cushioning element is adapted to have a cushioned object placed in contact with said top;
> wherein each of said columns has a straight longitudinal axis extending along its length from said top to said bottom of said quantity of gel cushioning medium in an undeformed condition;
> wherein each of said column ends is positioned at two different points of said longitudinal axis;
> wherein at least one of said columns is positioned within said cushioning medium such that said longitudinal axis is positioned generally parallel to the direction of a compressive force exerted on the cushioning element by a cushioned object in contact with said cushioning medium; and
> wherein at least one of said column walls is capable of buckling beneath a protuberance that is located on the cushioned object.

13. Claim 3 of the '527 Patent is a dependent claim that adds the following limitation to Claim 1:

> 3. A yieldable cushioning element as recited in claim 1, wherein at least one of said column ends of at least one of said columns is open to said column interior.

14. CMS has ignored and denied repeated requests from EdiZONE for the identification of the supplier of the gel component included in CMS's Matrix Gel Products and to purchase or inspect a sample of CMS's Matrix Gel Products, or even the gel component included in those products, forcing EdiZONE to rely upon CMS's marketing pictures and descriptions of its Matrix Gel Products for an understanding of that gel component.

15. Upon information and belief, the hollow-column gel cushioning element of the Matrix Gel Products, depicted above, is a flexible, resilient gel media for cushioning, it is compressible under force, it has multiple hollow columns with walls that surround the interiors of the columns, it is adapted so that force is applied to the ends of the column walls as opposed to the sides of the column walls, it has column walls that are straight when they are not deformed by a compressive force, as are the longitudinal axes of the columns which extend from one column end to the other column end and as such those axes are parallel to the direction of a compressive force on a column end, and it has at least one column wall that can buckle under a protuberance on a cushioned object. Also, it has hollow columns where at least one such column is open at one end.

16. Upon information and belief, CMS's Matrix Gel Products embody each and every element of at least Claims 1 and 3 of the '527 Patent.

17. The '527 Patent has been licensed by EdiZONE for use in mattress products similar to CMS's Matrix Gel Products. Those licensees have marked their licensed products with the '527 Patent.

18. CMS also received notice of the '527 Patent no later than May 2015 when EdiZONE informed CMS of a patent infringement judgment issued against Waterton Polymer

Products related to its matrix gel products that EdiZONE believed were being supplied by Waterton to CMS. A true and correct copy of that notice is incorporated herein as Exhibit B.

19. EdiZONE will pursue this action if CMS, after receiving additional actual notice of the '527 Patent via this lawsuit, refuses to pay to EdiZONE fair compensation for its unauthorized use of the '527 Patent embodied in its infringing Matrix Gel Products.

## CLAIM FOR RELIEF
(Patent Infringement)

20. EdiZONE incorporates herein its general allegations set forth above in this Complaint.

21. The '527 Patent is legally owned by EdiZONE, and EdiZONE is solely entitled to recover damages for infringement of the '527 Patent by CMS's accused Matrix Gel Products.

22. CMS has had constructive and actual notice of the '527 Patent and that it covered the gel cushioning element of its Matrix Gel Products.

23. CMS does not have a licensed right under the '527 Patent to make, import, use, offer for sale, or sell the Matrix Gel Products in the United States of America.

24. CMS has made or imported and used, offered for sale and sold the Matrix Gel Products in the United States, including Utah, without EdiZONE's authorization or consent.

25. The hollow-column gel cushioning element of the Matrix Gel Products infringes at least Claims 1 and 3 of the '527 Patent inasmuch as that gel cushioning element literally, or under the doctrine of equivalents, embodies each and every limitation of these claims. Upon further discovery, additional claims also may be infringed and asserted in this action.

26. Accordingly, CMS is liable for direct infringement, either literally or under the doctrine of equivalents.

27.     EdiZONE is entitled to recover from CMS monetary damages in an amount not less than a reasonable royalty, including at least a minimum royalty for the interest CMS has attempted to create for its Matrix Gel Products by offering them for sale in the United States if not a greater reasonable royalty based upon a royalty rate applied to the base amount of revenue from actual units sold during the term of the '527 Patent.

28.     Upon information and belief, CMS also has willfully or deliberately disregarded EdiZONE's rights in the '527 Patent from no later than May 2015, and EdiZONE is entitled to recover exemplary damages from CMS.

## PRAYER

WHEREFORE, EdiZONE prays for the following relief:

1.     A monetary award for past and future damages allowed by law, including a reasonable royalty and prejudgment and post judgment interest allowed by law;

2.     An award of exemplary damages allowed by law;

3.     An award of attorney fees and costs allowed by law; and

4.     All such other relief as the Court deems necessary and appropriate in law or equity under the circumstances.

## JURY DEMAND

EdiZONE demands a trial by jury on all issues presented herein.

DATED this 18th day of February, 2016.

    /s/ Casey K. McGarvey
Casey K. McGarvey
Attorney for EdiZONE, LLC